CORNELIUS N. BLISS et al., Respondents, *v.* DANIEL E. SICKLES et al., Appellants.

Where plaintiff's proof is defective on some point which is capable of being supplied, but no question is raised in reference thereto on the trial, and a verdict is rendered for plaintiff, the court, on appeal, will assume that proof of the omitted fact was waived, or that such fact was conceded.

In an action of replevin, where plaintiff sought to recover goods sold on the ground that the sale was induced by fraudulent representations on the part of the purchasers, similar representations made by them to a commercial agency, concurrently with the sale in question, upon the strength of which other merchants, who were subscribers to the agency, also sold goods to the same purchasers, were offered and received in evidence upon the question of fraudulent intent. *Held,* no error.

(Argued April 11, 1894; decided April 24, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 16, 1892, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action of replevin brought by the plaintiffs, who compose the firm of Bliss, Fabyan & Co., originally against the defendant Sickles alone, to recover the possession of certain merchandise sold and delivered by the plaintiffs to the defendants Sigmund Fechheimer and John Rau, composing the firm of Fechheimer, Rau & Co., which sales and deliveries, as alleged by the plaintiffs, were procured by means of the fraud and deceit of the vendees.

Subsequent to the deliveries of the merchandise in question, Fechheimer, Rau & Co. confessed judgments to certain of their creditors, and under the executions issued upon these

judgments the property was levied upon and seized by the defendant Sickles, at the time sheriff of the county of New York.

Demand for the return of the property was thereafter duly made upon the sheriff, and this demand not being complied with, action was brought, and the goods were replevied and taken into the plaintiff's possession.

Thereafter, upon their own motion, Sigmund Fechheimer and John Rau, and the Hanover National Bank and Central National Bank, under whose executions the sheriff had levied, were added as parties defendant.

The plaintiffs claimed the right to rescind the contract of sale and to take the merchandise upon the ground that the property was obtained from them by fraud. The alleged wrong was charged to have been perpetrated by means of a statement set forth in the case, which the plaintiffs claim was delivered to them to induce the sale of the goods referred to, and upon which they relied. The defendants claimed that this document was never delivered to the plaintiffs nor intended for them as a basis of any credit, but that it was handed to Cornelius N. Bliss, one of the plaintiffs, in his capacity as vice-president of the Fourth National Bank, to procure the discount of certain notes for the accommodation of defendants, which notes were fully paid before the failure.

The following is the opinion in full:

" The question decided in *Wise* v. *Grant* (140 N. Y. 593) was not raised on the trial. The motion for non-suit made in behalf of all the defendants, on the ground that no cause of action had been proved against either of the defendants, did not suggest the point now taken. If the attention of the counsel for the plaintiffs had been drawn to the objection now made we cannot say that proof might not have been supplied showing that the contract of sale had been rescinded by the vendors prior to the levy and seizure by the sheriff. The court had jurisdiction of the controversy, and objections which might have been obviated, if made, cannot be taken for the first time on appeal. Where the proof is defective on some point which is capable of being supplied, but no question is raised on the trial, the court on appeal will

assume that proof of the omitted fact was waived, or that the fact as to which the proof was defective was conceded. (*Blair* v. *Flack*, 141 N. Y. 56; *Reeder* v. *Sayre*, 70 id. 190.) The other questions in the case were considered by the General Term and none of them require a reversal of the judgment. No attempt was made on the trial to justify the statement made by Fechheimer, Rau & Co. to Bliss, Fabyan & Co., in December, 1889. It was grossly untrue. It purported to be a detailed statement of the assets and liabilities of the firm in July, 1889, showing on its face that the firm at that time had a surplus of over $188,000, whereas the undisputed evidence is that the firm was then insolvent. Fechheimer, Rau & Co. furnished a copy of the July statement to Bliss, Fabyan & Co., in response to the request of Mr. Bliss for an account of their affairs, and stated that the firm was as well off in December as in July.

" There was a controversy on the trial as to whom the representation contained in the statement was made. It was claimed by the defendants that the statement was furnished to Mr. Bliss as vice-president of the Fourth National Bank, for the use of the bank, and was not intended for the use of the firm of which Mr. Bliss was a member, or as an inducement for credit with that firm. On the other hand, it was claimed that it was furnished for the use of Bliss, Fabyan & Co. as a foundation for credit with that firm, and that Mr. Bliss, who aided the firm of Fechheimer, Rau & Co. in procuring discounts at his bank, sent the statement to the bank for its information as to the standing of the firm.

" The issue was submitted to the jury. The court charged in substance that if the statement was furnished by Fechheimer, Rau & Co. for the use of the bank, and was not intended as a representation to Bliss, Fabyan & Co., the plaintiffs could not recover. The jury found for the plaintiffs on this issue. This finding disposed of the only real controversy in the case, since the untruth of the statement was scarcely controverted, and that the plaintiffs relied upon it in extending the credit was amply shown.

" The question whether the statement made to Dun's agency in December, 1888, re-affirmed by Fechheimer, Rau & Co. in

July, 1889, and upon the faith of which the firm of Oelberman, Domerich & Co., subscribers to the agency, sold goods on credit to Fechheimer, Rau & Co. early in 1890, and contemporaneously with the sales made by Bliss, Fabyan & Co., was competent evidence upon the question of the fraudulent intent of Fechheimer, Rau & Co. in making the statement of December, 1889, to Bliss, Fabyan & Co. is of little importance. As the case stood upon the issues actually litigated, the plaintiffs' case needed no support upon that question. But we are inclined to agree with the view of the General Term, that this evidence was competent.

"The judgment should be affirmed."

*Alexander Blumenstiel* for appellants.

*Frederic R. Kellogg* for respondents.

ANDREWS, Ch. J., reads for affirmance.
All concur.
Judgment affirmed. _____